IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MEREDITH PARENTE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

The United States of America, by the undersigned attorneys, asserts a civil cause of action under the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), as follows:

1. In bringing this action, the United States has reasonable cause to believe (1) Defendant, Meredith Parente, has committed, and is likely to continue to commit, violations of FACE; and (2) various persons are being, have been, and will continue to be injured, intimidated, and/or interfered with by the Defendant's conduct.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction over this action pursuant to FACE, 18 U.S.C. § 248(c)(2), and 28 U.S.C. § 1345.

3. The United States has standing to bring this action pursuant to FACE, 18 U.S.C. § 248(c)(2).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in that all the events giving rise to this complaint occurred in this judicial district.

**DEFENDANT**

5. Upon information and belief, Defendant, Meredith Parente, resides in Pittsburgh, Pennsylvania.

**FACTUAL BACKGROUND**

6. The Planned Parenthood of Western Pennsylvania Liberty Avenue ("PPWP"), located at 933 Liberty Avenue in Pittsburgh, Pennsylvania, provides reproductive healthcare services.

7. The City of Pittsburgh has adopted an ordinance, Pittsburgh, Pa., Code Title. 6, § 623.04, that prevents a person or persons from knowingly congregating, patrolling, picketing, or demonstrating in a zone extending 15 feet from any entrance to a hospital and/or health care facility ("the buffer zone").

8. Defendant regularly engages in anti-abortion protest activity outside PPWP.

9. On January 15, 2011, at approximately 9:00 a.m., two volunteer escorts were accompanying a patient and her companion into PPWP.

10. The two volunteer escorts were following behind the patient and her companion, approximately 15 feet outside of the buffer zone.

11. Defendant approached the escorts from behind.

12. Defendant intentionally shoved the two escorts from behind, pushing them towards the patient and her companion.

13. Defendant attempted to, and did, injure, intimidate, and/or interfere with persons because they were attempting to provide and/or obtain reproductive health services from PPWP.

**CAUSE OF ACTION UNDER 18 U.S.C. § 248**

14. The United States incorporates herein the averments of paragraphs 1 through 13.

15. Defendant's conduct as described in paragraphs 12 and 13 constitutes a use of force that intentionally injured, intimidated, and/or interfered with persons seeking to provide and/or obtain reproductive health services.

16. On information and belief, unless Defendant is restrained by this Court, Defendant will continue to engage in the illegal conduct averred herein.

17. On information and belief, unless Defendant is restrained by this Court, persons seeking and/or providing reproductive health services will continue to be injured, intimidated, and/or interfered with by Defendant's actions.

18. The United States is authorized under 18 U.S.C § 248(c)(2)(B) to seek and obtain temporary, preliminary, and/or permanent injunctive relief from this Court for Defendant's violation of FACE.

19. The United States is authorized under 18 U.S.C. § 248(c)(2)(B) to seek and obtain statutory compensatory damages on behalf of persons aggrieved by Defendant's actions in violation of FACE.

20. The United States is further authorized under 18 U.S.C. § 248(c)(2)(B)(i) to seek and obtain a civil penalty from a Defendant no greater than $15,000 for a first violation other than a nonviolent physical obstruction.

WHEREFORE, the United States respectfully requests judgment in its favor and against Defendant, Meredith Parente, in the form of:

    A. An Order permanently prohibiting Defendant, Meredith Parente, and her representatives, agents, employees, and any others acting in concert or participation with her, from approaching within 25 feet of the buffer zone outside the Planned Parenthood of Western Pennsylvania Liberty Avenue;

B. An Order permanently prohibiting Defendant, Meredith Parente, and her representatives, agents, employees, and any others acting in concert or participation with her, from violating the Freedom of Access to Clinic Entrances Act;

C. Statutory compensatory damages of $5,000 to the two victims of Defendant Meredith Parente's activities in violation of FACE;

D. A civil penalty assessment in the amount of $15,000; and

E. An Order permitting the local police to enforce the permanent injunction against Defendant Meredith Parente.

Respectfully Submitted,

| | |
|---|---|
| DAVID J. HICKTON<br>United States Attorney<br>Western District of Pennsylvania | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| s/ Michael Comber_____<br>MICHAEL COMBER<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA  15219<br>(412) 644-3500<br>(412) 644-4549 (fax)<br>michael.comber@usdoj.gov | JONATHAN SMITH<br>Chief, Special Litigation Section<br><br>JULIE K. ABBATE<br>Deputy Chief, Special Litigation Section<br><br>s/ Aaron S. Fleisher_____<br>AARON S. FLEISHER<br>MICHELLE L. LEUNG<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530<br>(202) 514-6255<br>(202) 514-6903 (fax)<br>aaron.fleisher@usdoj.gov |