**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,
                Plaintiff                Civil Action No. 2:11-cv-1420

v.                                Hon. Mark R. Hornak

MEREDITH PARENTE,          Filed electronically
                Defendant

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION *IN LIMINE* - ALLEGED PRIOR ARRESTS**

Defendant Meredith Parente, by and through her attorneys, Lawrence G. Paladin, Jr., Cathy L. Brannigan, and Paladin Law Offices, P.C., presents the following Brief in Support of Motion *in Limine* - Alleged Prior Arrests:

During discovery and various conferences between counsel, counsel for the Plaintiff has indicated an intent to submit before this Court evidence of claimed arrests of Mrs. Meredith Parente for incidents alleged to have taken place in Wichita, Kansas in 1991, and in Allegheny County in 2000 and 2004.  Counsel for the United States has not produced anything that would indicate the information on which they rely, the information available to them, nor the manner in which the evidence would be submitted to the Court.

**<u>ARGUMENT</u>**

The use of evidence of prior crimes or wrongdoing is restricted by Federal Rule of Evidence 404(b):

(b) Crimes, Wrongs, or Other Acts.

  (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a

> particular occasion the person acted in accordance with the character.
>
>    (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

As the information submitted by counsel for the Plaintiff gives no indication of whether or not they believe that any convictions were achieved, it is assumed that no such information exists and that no allegations of conviction will be presented.

The United States Supreme Court has set out a four-part test for admission of Rule 404(b) evidence:

> (1)    The evidence must have a proper purpose;
> (2)    It must be relevant;
> (3)    Its probative value must outweigh its potential for unfair prejudice; and
> (4)    the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

*Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002). Nothing presented by Plaintiff substantiates that the proposed evidence would pass this test, even though the policy of the Third Circuit is to consider Rule 404(b) a rule of inclusion, favoring admission if the evidence is relevant to a permitted purpose. *United States v. Yuldarnellgivan*, 320 F.3d 452 (3d Cir. 2003).

The first prong of the *Huddleston* test is that the evidence must have a proper purpose, referring to the language of Rule 404(b) itself. The issue in this case is whether the Defendant violated the FACE Act in January 2011. An alleged arrest in 1991, or even in 2004, could not constitute probative evidence regarding her motive, opportunity, intent, preparation, plan or

knowledge regarding the January 15, 2011, event at issue in this matter. There can be no purpose for this alleged evidence other than to prejudice the fact finder against Mrs. Parente.

For the same reasons that the evidence would not have a proper purpose, it is not relevant under Federal Rule of Evidence 401. The elements of the Plaintiff's claim under the FACE Act are clear. If there were no prior violations of the FACE Act[1] then evidence of prior claims against her are irrelevant.

Third, the prejudicial value of announcing to the jury (or to the Court) that arrests had been made is obviously prejudicial even if it is denied or rebutted. The jurors are likely to be unfairly prejudiced against Mrs. Parente if this evidence is permitted into the Court. Further, permitting evidence of prior arrests will invite substantial rebuttal evidence including evidence regarding the actions at issue in each of those claims, the actions of the arresting/charging officer and his/her involvement with the Planned Parenthood facility, certain officer's longstanding prejudice against Mrs. Parente and other counselors or/and pro-life protestors in the City of Pittsburgh, the various lawsuits against such officers, the final disposition of those claims, the settlement and disposition of those lawsuits and the subsequent behavior of affected parties. That evidence is quite likely to create "confusion of the issues" that would mislead the jury and create "undue delay and waste of time." Fed. R. Evid. 403. This evidence would be necessary to refute any claim that these alleged arrests (if they existed) had anything to do with this incident. The prejudice, confusion and waste of time alone are grounds to exclude this evidence.

Although a charge to the jury could be crafted by this Court, it is not necessary to even reach

---

[1]There have been no allegations at any point in this litigation that there was a prior, or subsequent, violation of the FACE Act by Mrs. Parente.

that issue.  Any evidence of criminal charges being filed against Mrs. Parente are outside of Rule

404(b), irrelevant under Rule 401, and excludable under F.R.E. Rule 403.

## **CONCLUSION**

Any evidence of arrests of Mrs. Parente are irrelevant and excluded under F.R.E., Rule 403.


Respectfully submitted:

s/Lawrence G. Paladin, Jr.
Lawrence G. Paladin, Jr., Esq.
PA ID #44799
PALADIN LAW OFFICES, P.C.
FIRM #913
10700 FRANKSTOWN ROAD, SUITE 305
PITTSBURGH, PA  15235-3066
412/244-0826
412/244-1690 (facsimile)
lpaladin@verizon.net
Counsel for Defendant