IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|                 Plaintiff | Civil Action No. 2:11-cv-1420 |
| v. | Hon. Mark R. Hornak |
| MEREDITH PARENTE, | Filed electronically |
|                 Defendant | |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION *IN LIMINE* - WITNESSES**

Defendant Meredith Parente, by and through her attorneys, Lawrence G. Paladin, Jr., Cathy L. Brannigan, and Paladin Law Offices, P.C., presents the following Brief in Support of Motion *in Limine* - Witnesses:

This action involves a claim alleging a violation of the FACE Act (18 U.S.C. §248) by the Defendant, Mrs. Meredith Parente. In the disclosures regarding witnesses, Plaintiff United States indicates an intent to call Ms. Debbie Cain and Ms. Jessica Dickinson Goodman. The areas of testimony described indicate an intent to call these witnesses to testify about issues that are improper for them in this case. There is no designation or indication that either of them are expert witnesses on any issue related to this case.

**ARGUMENT**

**Debbie Cain**

It is alleged that Ms. Cain is an officer charged with the operations of Planned Parenthood of Western Pennsylvania, which is presumably the clinic at which the alleged violation of the FACE Act took place. It is indicated that she would testify about the patients served by the clinic as well

as the roll of the escorts, "protest and other activity outside of the clinic" and the location of the clinic "in relation to the protestors, sidewalk counselors, escorts and others who regularly protest outside the clinic." It is further proposed that she would testify "about the injunctive relief necessary to prevent future violations."[1]

The first portion of the testimony alleged above appears to be providing "background" information. However, the questions at issue in this case are the actions of Mrs. Meredith Parente on January 15, 2011. Testimony regarding "general" actions by anyone other than Mrs. Parente are irrelevant. There is no allegation that this claim involves any actor other than Mrs. Parente.[2]

The relevant rule in this matter is Federal Rules of Evidence, Rule 401:

> Rule 401. Test for Relevant Evidence
>
> Evidence is relevant if:
>   (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>   (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

The threshold question is whether testimony regarding general activities at the clinic would provide any proof that Mrs. Parente did or did not act as alleged in the Complaint. The fact that others at the clinic may have acted or not acted in any particular way is not relevant evidence of how Mrs. Parente acted or may have acted. It does not constitute testimony that would make it more or

---

[1] Plaintiff's Witness List and Offer of Proof, Document 33 filed in this matter.

[2] Although the relief requested in the original Complaint requests an injunction that would bind those working "in concert" with Mrs. Parente, counsel for the Plaintiff has repeatedly assured the undersigned that there will be no allegations or evidence that anyone has been acting with her or would be expected to be acting with her in the future. Any group action has been specifically denied by Mrs. Parente, the only known witness to this matter.

less likely that Mr. Parente acted as alleged in the Complaint.

Even if the Court should determine that it is relevant in some tangential way, the probative value of the evidence must still substantially outweigh the possibility of unfair prejudice, confusion or misleading the jury in order to be admitted. Fed. R. Evid. 403. To the extent that the evidence would allege improper actions by other parties, it would unfairly prejudice Mrs. Parente by implying to the jury that she was part of any such improper action. To the contrary, the Complaint in this matter (and evidence discovered at this point) do not indicate that anyone at all worked in concert with her. The allegations of the Complaint are very narrow under the FACE Act. They allege a particular action by Mrs. Parente on a particular day at a particular moment in time. Actions by other parties are not only irrelevant but prejudicial to this case insofar as they may be presented to indicate that she behaved in a particular manner on a particular day.

In addition, there is not indication in the Offer of Proof that Ms. Cain observed any of the actions that she would be discussing. To the extent that any of her claims are outside of her personal observation, their probative value plummets. Further, Federal Rule of Evidence 602 (Need for Personal Knowledge) would bar Ms. Cain's testimony about items for which she has no personal knowledge.

The introduction of such evidence would require the introduction of rebuttal witnesses on behalf of Mrs. Parente regarding her actions, as well as the allegations Ms. Cain could bring forth regarding the location, the actions of the escorts, the actions of counselors such as Mrs. Parente, the actions of unrelated and unknown "protestors" at the scene in prior years as well as the moment of this event. These "dueling witnesses" regarding situations that are at best tangential would obviously result in confusion of the issues being submitted to the jury, mislead the jury about what happened

on this particular day at this particular time, and would waste the Court's time by extending trial significantly.

### Debbie Cain and Jessica Dickinson Goodman

Opinion testimony by lay witnesses is governed by Federal Rule of Evidence 701. To the extent that Ms. Cain (or Ms. Dickinson Goodman) wish to testify regarding their opinion of the necessary relief, they must meet the standards outlined in the Rule:

>    (1)   The opinions or inferences must be "rationally based on the perception of the witness"; and
>    (2)   "Helpful to a clear understanding of the witness's testimony or the determination of a fact in issue"; and
>    (3)   "Not based on scientific, technical or other specialized knowledge".[3]

Ms. Cain's observations have been previously discussed. It is unknown whether she actually personally observed any activity at the clinic, and whether or not she is a proper witness for actions at the clinic itself. Although she may have strong opinions regarding the clinic and strong preferences for how the clinic should be protected from free speech, that is not adequate to permit her to state opinions regarding appropriate protection or injunctive relief in the future. Although it is possible that an expert witness could provide information regarding necessary injunctive relief, speculations and opinions by Ms. Cain are inadequate.

Ms. Dickinson Goodman was a witness to the alleged incident itself. Because of this she is a proper witness to what happened that day, but for the same reason stated above she is not a proper witness to offer testimony regarding injunctive relief, as necessary or appropriate in this matter.

---

[3] There is no representation by Plaintiff and no expectation by Defendant that either witness can be claimed to possess particular knowledge. If that is alleged by Plaintiff, that disclosure was required by Rule and Order to be revealed by this point. It is therefore conceded that subsection 3 of the Rule is met by these witnesses.

The second step of the test requires that the opinion testimony be "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Opinions regarding possible future actions by this Court are not relevant to understanding either witness's testimony. Further, the question of the appropriate remedy is not a fact at issue in this matter but an issue for this Court to decide based on the appropriateness of injunctive relief.

As mentioned above neither witness has any specialized knowledge that would allow their testimony to assist the trier of fact to understand the evidence or determine a fact in issue. "The purpose of [subsection ©] is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 80-81 (3d Cir. Pa. 2009)

## **CONCLUSION**

Ms. Cain's proposed testimony regarding the actions at the clinic may not be allowed to go beyond her personal knowledge into hearsay, nor to extend to actions of others who are not at trial here.

Likewise, the testimony of Ms. Cain and Ms. Dickinson Goodman should not be permitted to drift to speculation regarding the proper remedies for the Court to impose.

Respectfully submitted:

s/Lawrence G. Paladin, Jr.
Lawrence G. Paladin, Jr., Esq.
PA ID #44799
PALADIN LAW OFFICES, P.C.
FIRM #913


10700 FRANKSTOWN ROAD, SUITE 305  
PITTSBURGH, PA  15235-3066  
412/244-0826  
412/244-1690 (facsimile)  
lpaladin@verizon.net  
Counsel for Defendant