IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-1420 (MRH) |
| ) | |
| MEREDITH PARENTE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PROPOSED JOINT JURY INSTRUCTIONS

Plaintiff United States and Defendant Meredith Parente respectfully request that the Court include in its charge to the Jury the attached special instructions and such other instructions as may become appropriate during the course of the trial.

Respectfully Submitted,

DAVID J. HICKTON
United States Attorney
Western District of Pennsylvania

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JONATHAN SMITH
Chief
Special Litigation Section

JULIE K. ABBATE
Deputy Chief
Special Litigation Section

| | |
|---|---|
| MICHAEL COMBER | *s/Aaron S. Fleisher* |
| | AARON S. FLEISHER |
| Civil Chief | MICHELLE L. LEUNG |
| United States Attorney's Office | Trial Attorneys |
| 700 Grant Street, Suite 4000 | United States Department of Justice |
| Pittsburgh, PA  15219 | Civil Rights Division |
| (412) 644-3500 | Special Litigation Section |
| (412) 644-4549 (fax) | 950 Pennsylvania Avenue, N.W. |
| michael.comber@usdoj.gov | Washington, DC  20530 |
| | (202) 514-6255 |
| | (202) 514-6903 (fax) |
| | aaron.fleisher@usdoj.gov |
| | |
| | *s/ Lawrence G. Paladin, Jr.* |
| | LAWRENCE G. PALADIN, JR. |
| | CATHY L. BRANNIGAN |
| | Paladin Law Offices, P.C. |
| | 10700 Frankstown Rd., Suite 305 |
| | Pittsburgh, PA 15235 |
| | (412) 244-0826 |
| | (412) 244-1690 (fax) |
| | lpaladin@verizon.net |

PROPOSED JURY INSTRUCTION NO. 1

The Freedom of Access to Clinic Entrances Act

Under the Freedom of Access to Clinic Entrances Act, known as "FACE," it is unlawful for a person to use force to intentionally injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

This proposed instruction is agreed upon by the parties.

18 U.S.C. § 248(a)(1).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

Elements

The United States must prove four essential elements by a preponderance of the evidence in order to establish that Defendant Parente has violated the FACE Act.

<u>FIRST</u>: The defendant's behavior constituted force.

<u>SECOND</u>: The defendant acted intentionally.

<u>THIRD</u>: The defendant's actions injured, intimidated, or interfered with, or were taken in an attempt to injure, intimidate, or interfere with, a person or persons.

<u>FOURTH</u>: The defendant acted as she did because she believed the persons were, or had been obtaining or providing reproductive health services, or in order to intimidate some persons from doing so.

I will now explain each of these four elements in more detail.

The United States offers this proposed jury instruction.

18 U.S.C. § 248(a); *Lotierzo v. A Woman's World Med. Ctr.*, 278 F.3d 1180, 1182 (11th Cir. 2002); *United States v. Mahoney*, 247 F.3d 279, 282 (D.C. Cir. 2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

In order to establish a violation of the FACE Act, the United States must establish three essential elements of the Act by a preponderance of the evidence. In order to proves that Defendant Parente violated the FACE Act, the United States must prove that she (1) used force (2) to intentionally injure, intimidate, or interfere with a person (3) because that person is or has been obtaining or providing reproductive health services. I will now explain and define these elements in more detail.

Defendant offers this proposed jury instruction.

*New York v. Cain*, 418 F.Supp.2d 457, 473 (S.D.N.Y. 2006)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

Element One:  Force

The first element requires force.  The term "force" means power, violence, or pressure directed against a person or thing.  It is not limited to violent or assaultive force, and there is no exception for fleeting or minimal contact.  Any type of physical assault, including hitting, pushing, shoving, kicking, and knocking over an escort can be force.  To find that this element is met, you must conclude that the preponderance of the evidence shows that Defendant Parente used force on a person or people.

The United States offers this proposed jury instruction.

*New York v. Kraeger*, 160 F. Supp. 2d 360, 372 (N.D.N.Y. 2001); *New York v. Cain*, 418 F. Supp. 2d 457, 473 (S.D.N.Y. 2006) (quoting *Dickson v. Ashcroft*, 346 F.3d 44, 50 (2d Cir. 2003)); *United States v. Scott*, 958 F. Supp. 761, 775 (D. Conn. 1997).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

The first element requires a defendant to use force.  In order to find that the United States has proved this element you must find by a preponderance of the evidence that Defendant Parente used force on a person or people.  The term force means power, violence, or pressure directed against a person or thing.  It is not limited to violent or assaultive force, and there is no exception for fleeting or minimal contact.

Defendant offers this proposed jury instruction.

*New York v. Cain,* 418 F.Supp.2d 457, 473 (S.D.N.Y. 2006)

PROPOSED JURY INSTRUCTION NO. 4

Element Two:  Intent

The second element requires a defendant to act intentionally.  In order to find that the United States has proved this element you must find by a preponderance of the evidence that Defendant Parente intended to injure, intimidate or interfere with a person or people.

This proposed instruction is agreed upon by the parties.

18 U.S.C. § 248(a)(1) & (e)(2); *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 681 n.3 (11th Cir. 2001); *United States v. Weslin*, 156 F.3d 292, 298 (2d Cir. 1998); *New York ex rel. Spitzer v. Kraeger*, 160 F. Supp. 2d 360, 374 (N.D.N.Y. 2001); *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000); *United States v. Gregg*, 32 F. Supp. 2d 151, 157 (D.N.J. 1998); S. Rep. No. 103-117, at 24 & n.39 (1993).

PROPOSED JURY INSTRUCTION NO. 5

Element Two:  Intent

Intent is the design, resolve, or determination with which a person acts.  It is a state of mind in which a person seeks to accomplish a given result through a course of action.  A defendant acts with intent if she intends to perform the act and is aware of the natural and probable consequences of it.  Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or not done by a party whose intent is in issue, and all other facts and circumstances that indicate the party's state of mind.

This proposed instruction is agreed upon by the parties.

Black's Law Dictionary, 6th Ed. (1990); *U.S. v. Gregg*, 32 F. Supp. 2d 151, 156 (D.N.J. 1998); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §121.01 (5th Ed. 2000).

PROPOSED JURY INSTRUCTION NO. 6

In deciding whether Defendant Parente intended to injure, intimidate, or interfere with someone you must be aware that those terms have legal definitions that are to be applied in this case.

- "Injury" is defined as any wrong or damage done to another, either in his person, rights, reputation or property.

- "Intimidate" means to place a person in reasonable apprehension of bodily harm to him or herself or to another.

- "Interfere with" means to restrict a person's freedom of movement.


This proposed instruction is agreed upon by the parties.


Black's Law Dictionary, 6th Ed. (1990); 18 U.S.C. §248(e).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

Element Four:  Because Persons Were Seeking Reproductive Health Services

The final element of the United States' FACE claim requires the United States to prove that Defendant Parente acted as she did because she believed that a person or people were obtaining or providing reproductive health services.  This element focuses on what motivated the defendant to act.

"Reproductive health services" include medical, surgical, counseling, or referral services related to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.  These services may be provided in a hospital, clinic, physician's office, or other facility.  Reproductive health services include those services provided by clinic escorts, who are considered an integral part of the functioning of clinics.

The United States offers this proposed jury instruction.

18 U.S.C. § 248(a)(1) & (e)(5); *United States v. Retta*, 840 F. Supp. 2d 262, 265-68 (D.D.C. 2012); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 357 F.3d 1226, 1229-32 (11th Cir. 2004); *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004); *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002); *United States v. Weslin*, 156 F.3d 292, 298 (2d Cir. 1998); *New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 475-76 (S.D.N.Y. 2006); *United States v. Gregg*, 32 F. Supp. 2d 151, 157 (D.N.J. 1998); *United States v. Hill*, 893 F. Supp. 1034, 1039 (S.D. Fla. 1994); *Greenhut v. Hand*, 996 F. Supp. 372, 376 (D.N.J. 1998); *United States v. Dinwiddie*, 76 F.3d 913, 927 (8th Cir. 1996).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

The third element concerns the defendant's motive. It requires a defendant to injure, intimidate or interfere with someone because that person is or has been obtaining or providing reproductive health services. In order to find that the United States has proved this element you must find by a preponderance of the evidence that Defendant Parente was motivated to act against someone because she believed that that person was or had been obtaining or providing reproductive health services.

Defendant offers this proposed jury instruction.

*New York v. Cain,* 418 F.Supp.2d 457, 473 (S.D.N.Y. 2006); *U.S. v. Retta*, 840 F.Supp.2d 262, 268 (D.D.C. 2012)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

"Reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

Defendant offers this proposed jury instruction.

18 U.S.C. §248(e)